**GARTER BELT, INC., Plaintiff–Appellant,**

v.

**VAN BUREN TOWNSHIP, Defendant–Appellee.**

No. 01–2093.

United States Court of Appeals, Sixth Circuit.

June 2, 2003.

Before DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

OPINION

GIBBONS, Circuit Judge.

Plaintiff-appellant Garter Belt, Inc. filed suit challenging the validity of ordinances enacted by defendant-appellee Van Buren Township regulating sexually-oriented businesses. Van Buren moved to dismiss, arguing that the district court should abstain from hearing this action in deference to a prior pending action brought by Van Buren against Garter Belt in Michigan state court, which seeks to require Garter Belt to comply with one of the ordinances regulating sexually oriented businesses at issue in the federal court case. The district court granted Van Buren's motion to dismiss, finding abstention to be appropriate in light of the pending state proceeding, the important state interests, the ability of Garter Belt to raise all of its state and federal claims in the state proceeding, and the possibility that resolution of state issues in the pending state proceeding would render federal constitutional rulings unnecessary. Garter Belt now appeals. For the following reasons. we affirm the judgment of the district court.

---

* The Honorable Richard H. Mills, United States District Judge for the Central District of Illinois, sitting by designation.

## I.

On November 6, 2000, Van Buren, a Michigan municipal corporation, filed a complaint in Wayne County Circuit Court (*Garter Belt I*) seeking an injunction requiring Garter Belt, the operator of a business establishment known as "Legg's Lounge," to comply with Ordinance 02–16–99(2). The ordinance, adopted by Van Buren on March 11, 1999, states in part:

No person, while appearing in a state of nudity as defined by this section, shall frequent, loiter, work for or perform in any establishment licensed or subject to licensing by the Michigan Liquor Control Commission. No proprietor or operator of any such establishment shall allow the presence in such establishment of any person who violates the provisions of this section.

On November 29, 2000, Garter Belt raised several affirmative defenses. In particular, Garter Belt argued that the ordinance was preempted by state law and deprived it of its rights of equal protection, due process, and free speech, in violation of the Michigan Constitution.

On December 13, 2000, Garter Belt filed a notice of removal of *Garter Belt I* to the United States District Court for the Eastern District of Michigan. The district court remanded *Garter Belt I* to Wayne County Circuit Court for lack of subject matter jurisdiction, explaining that Van Buren's "claims are not removable, even though federal questions may be implicated, because the nature of the claims is to enforce the Ordinance under state law."

On December 28, 2000, Garter Belt filed the instant action in the United States District Court for the Eastern District of Michigan (*Garter Belt II*). challenging Van Buren's "regulations pertaining to sexually oriented businesses"—specifically, the validity of Ordinances No. 2–16–99(e), (2), (3) and (4). Garter Belt sought to obtain damages under 42 U.S.C. § 1983, and asserted in its complaint that: 1) the "Ordinances are unconstitutional in whole and/or in part, alone and/or in combination with one another both facially and as applied and in violation of the First. Fourth, Fifth. Eighth and Fourteenth Amendment rights under the United States Constitution"; 2) "the Ordinances ... are preempted by state law" concerning liquor control; 3) Garter Belt was "being denied its rights under the United States Constitution and its corollary rights under the Michigan Constitution"; and 4) Garter Belt's activities were "a prior nonconforming land use" not subject to the ordinances. Garter Belt sought declaratory and injunctive relief, including an order enjoining Van Buren from enforcing the ordinances against it.

On January 18, 2001, Van Buren raised the doctrine of abstention as an affirmative defense, and on February 22, 2001, Van Buren filed a brief in support of its motion for abstention. On June 28, 2001, the district court granted Van Buren's motion and dismissed the case without prejudice. The district court explained that:

*Younger* abstention is appropriate here in that the state proceeding in *Garter Belt I* is currently pending, the enforcement of Township Ordinance 2–16–99(2) in *Garter Belt I* involves an important state interest, and *Garter Belt I* affords plaintiff Garter Belt an adequate opportunity to raise all of its claims, both state and federal. Abstention is also appropriate considering that resolution of the state issues in *Garter Belt I* may make federal constitutional rulings unnecessary.

On July 9, 2001, Garter Belt filed a motion to alter, amend, reconsider or vacate the judgment. In its motion, Garter Belt argued that:

By way of its opinion and Judgment, the Court dismissed this action in its entirety on the basis of *Younger* abstention predicated upon the on-going state court proceeding to enforce the provisions of Van Buren Township Ordinance 2–16–99(2). Nowhere in this Court's opinion, however, did it address the Plaintiff's challenges here to Township Ordinances 2–16–99(e) [zoning], 2–16–99(3) [licensing], and 2–16–99(4) [public indecency]. The court denied the motion on July 31, 2001, explaining that Garter Belt "cannot interfere with the ongoing *Garter Belt I* state action by refusing to raise its state law challenges to Township Ordinances 2–16–99(e), (3), and (4) in *Garter Belt I*." On August 9, 2001, Garter Belt timely filed its notice of appeal of the district court's June 28, 2001, and July 31, 2001, orders. On December 11, 2001, the state court entered the following order in *Garter Belt I*:

IT IS HEREBY FURTHER ORDERED that the Defendant and Counter–Plaintiff the Garter Belt, Inc. d/b/a Legg's Lounge hereby is permanently enjoined from violating in any manner or form the Charter Township of Van Buren's Ordinance entitled Nudity on a Licensed Premise, Ordinance No. 02–16–99(2), adopted March 11, 1999.

Garter Belt has since appealed the judgment in *Garter Belt I*.

## II.

The doctrine of abstention, first articulated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), requires a district court to abstain from matters in which a "state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Armco, Inc. v. United Steelworkers of America,* 280 F.3d 669, 681 (6th Cir.2002) (quoting *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1074 (6th Cir. 1998)). A district court's decision to invoke *Younger* abstention is reviewed *de novo. Cooper v. Parrish,* 203 F.3d 937, 954 (6th Cir.2000). Here, all three *Younger* requirements are met.

As previously described, Van Buren filed *Garter Belt I* in state court, seeking an injunction requiring Garter Belt to comply with Ordinance 02–16–99(2). Garter Belt removed *Garter Belt I* to the district court, which subsequently remanded the case to state court. Garter Belt then filed this action challenging Ordinance 02–16–99(2), as well as Ordinances 2–16–99(e), (3) and (4). *Garter Belt I* is pending in state court, satisfying the first *Younger* requirement.[1] Second, as the district court explained, *Garter Belt I* implicates "the state's important interest in enforcing its state and local liquor licensing and obscenity codes." *See Cooper,* 203 F.3d at 954 (observing that "the state has an important interest in … prohibiting … illegal obscene live performances") (internal quotation omitted); *Colonial First Properties, LLC v. Henrico County Virginia,* 236 F.Supp.2d 588, 601 (E.D.Va.2002) ("regu-

---

1. The entry of an order permanently enjoining Garter Belt from violating Ordinance No. 02–16–99(2) by the state court in *Garter Belt I* on December 11, 2001, does not change the analysis. In its reply brief, Garter Belt states that it "has appealed that decision to the Michigan Appellate Courts." The Supreme Court has explained that "[v]irtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial." *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *see also Zalman v. Armstrong,* 802 F.2d 199, 204 (6th Cir.1986) ("the proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed").

lating the distribution of alcohol is an important state interest"); *Jack & Lou's, Inc. v. County of Cook,* 1994 WL 91963, at *2 (N.D.Ill.1994) ("State and local governing bodies have a recognized, important interest in regulating the sale of liquor.") (citing *World Famous Drinking Emporium v. City of Tempe,* 820 F.2d 1079, 1082 (9th Cir.1987)). Finally, Garter Belt has an adequate opportunity to raise all of its claims in the state court proceeding. Michigan Court Rule 2.203(B) provides that a "pleader may join as either independent or alternate claims as many claims, legal or equitable, as the pleader has against an opposing party." [2] As in *Carroll,* Garter Belt "may raise all of [its] claims—state, federal, and constitutional—under the state court's general and concurrent jurisdiction." *Carroll,* 139 F.3d at 1075. By deciding to abstain, the district court thus "avoided duplication of legal proceedings, deferred to the state's sovereignty over its law, and respected the principles of comity inherent to our federalism." *Id.*

In its brief, Garter Belt points out that although "a state action is pending as it relates to this Township's attempt to enforce Ordinance 2–16–99(2), nudity on a licensed premises, it is undisputed that no similar action has been filed by the Defendant–Appellee to enforce the remaining ordinances against Plaintiff–Appellee." Garter Belt then argues that the *Younger* requirements have not been met, since no state action is pending as to Ordinances 2–

16–99(e), (3) and (4), no state interests have been implicated with respect to these ordinances, and Garter Belt has not been afforded the opportunity to litigate constitutional claims as to these ordinances. This argument lacks merit. As this court explained in *Carroll:*

> When a person is the target of an ongoing state action involving important state interests, the state defendant cannot interfere with the pending state action by maintaining a parallel federal action involving *claims that could have been raised* in the state case. If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding.

*Carroll,* 139 F.3d at 1074–75 (emphasis added). This is precisely the situation presented here. Garter Belt, the defendant in a pending state proceeding involving the enforcement of state and local liquor licensing and obscenity codes, cannot maintain this federal action involving claims that could have been brought "under the state court's general and concurrent jurisdiction." *Id.* at 1075. Garter Belt's repeated insistence that claims based upon Ordinances 2–16–99(e), (3) and (4) have not actually been raised in *Garter Belt I* misses the point. *Carroll* recognizes that abstention nevertheless is required because these claims could have been raised.

Garter Belt advances several additional arguments against abstention. Quoting

---

**2.** Joinder of Garter Belt's state law challenges to Ordinances 2–16–99(e), (3) and (4) may even be mandatory. Michigan Court Rule 2.203(A) states, in relevant part, that "[i]n a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it *arises out of the transaction or occurrence* that is the subject matter of the action." (emphasis added). Garter Belt acknowledged this possi-

bility in proceedings before the district court on May 31, 2001, where it suggested that it "would have to join our claims in the state court proceedings." The state court has not adjudicated this issue. In any event, a determination of the applicability of MCR 2.203(A) is not necessary to the resolution of this appeal, since the existence of an "opportunity to raise constitutional claims" is all that is required.

*Houston v. Hill*, 482 U.S. 451, 467–68, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), Garter Belt argues that abstention is "inappropriate for cases [where] ... statutes are justifiably attacked on their face as abridging free expression." However, Garter Belt neglects to mention that the *Houston* court also added that "[i]n cases involving a facial challenge to a statute, the pivotal question in determining whether abstention is appropriate is whether the statute is 'fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question.'" *Houston*, 482 U.S. at 468, 107 S.Ct. 2502 (quoting *Harman v. Forsseni-us*, 380 U.S. 528, 534–35, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965)). In this case, Ordinances 2–16–99(2) and (4) state that "[e]very word, sentence, clause and provision of this section is hereby declared to be severable." Since the challenged ordinances could "be limited by severing discrete unconstitutional subsections from the rest," abstention is proper. *See id.* In addition, in the state action Garter Belt claims that Ordinance 2–16–99(2) is preempted by M.C.L. § § 41.181 and M.C.L. § § 436.1916, while in this case Garter Belt similarly asserts that all of the ordinances "are preempted by state law." As a result, a determination by the state court that Ordinance 2–16–99(2) does not apply to Garter Belt also may "render unnecessary or substantially modify the federal constitutional question."

Citing *Gwynedd Properties Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1200–01 (3d Cir.1992), Garter Belt also argues that the "existence of parallel state proceedings does not implicate *Younger* where a federal action does not seek to enjoin those pending state proceedings." This argument has no application to the present situation, since Garter Belt specifically requested injunctive relief. Applicable Sixth Circuit precedent also directly contradicts this proposition. As this court noted in *Carroll*, "the federal plaintiff does not have to seek injunctive relief against an ongoing state proceeding for a federal court to abstain. *Younger* abstention also applies in federal declaratory judgment actions because they involve 'precisely the same interference with and disruption of state proceedings' as an injunction." *Carroll*, 139 F.3d at 1074 (quoting *Samuels v. Mackell*, 401 U.S. 66, 72, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971)). Moreover, in *Gwynedd Properties* the Third Circuit noted that "abstention under *Younger* presumes that the federal action would interfere with the ongoing state proceedings since, typically, the federal plaintiff's object in filing the federal action is either to seek an injunction against the state proceedings themselves *or to challenge the law being applied in those proceedings.*" 970 F.2d at 1200–01 (emphasis added). Here, Garter Belt challenges the constitutionality of the same ordinance that Van Buren seeks to enforce in *Garter Belt I*. Since "there is ... a nexus between the claims asserted in the federal action and the defenses or claims asserted or available in the state action." abstention thus is appropriate. *Id.* at 1201.

### III.

For the foregoing reasons, we affirm the district court's judgment dismissing this action.